Case No.    **ED CV 20-395-JFW(SHKx)**                                 Date: March 27, 2020

Title:      Gloria Campos, et al. -v- Benny Whitehead Logistics, LLC

**PRESENT:**

     **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**    ORDER GRANTING PLAINTIFFS' MOTION TO REMAND TO STATE COURT [filed 3/9/20; Docket No. 13]

     On March 9, 2020, Plaintiffs Marlene Aquino, Angel Gustavo Ruiz Deleon, Gustavo Adolfo Ruiz, Jennifer Ruby Ruiz, Kevin Omar Ruiz, Douglas Ramirez, Ernesto Ramirez, German Aguilera, Marlen Martinez, Carlos Mendoza, Gabriel Magallon, Missony Cardenas, Gianny Cardenas, Sheahbain Cardenas, Channy Cardenas, Stephanie Garcia, Marleen Garcia, Lester Garcia, Jason Garcia, Diane Mai, Rizalie Green, Mary Jone Gonzales Potot, Gina A. Gonzales, and Jose Gonzales, Jr., Ana Margarita Hernandez, Ericka Esmeralda Contreras, Maribel Canas, Maria B. Ramos, Miguel A. Gomez, Antonio Rodriguez, Gloria Campos, Enedina Perez, Martin Vargas, Jose Santos Hernandez, Idalia Arevalo, Pilar Medrano, Odilia Alva Ralon Flores, Lucia Martinez Flores, Miguel Angel Martinez, Roy Costa, Rowena Valerio, Maria Alvarez, Quiana M. Earvin, Ken Ramnath, Ana Car, Gilma Chambers, Jorge Lopez, Maria Ramirez de Merino, Alberto Alvarez, Dora Merline Lemus Benavidez, Marta Garcia Benavides, Roario Margoth Colorado, and Carmon Alonso (collectively, Plaintiffs") filed a Motion to Remand to State Court ("Motion"). On March 16, 2020, Defendant Benny Whitehead Logistics, LLC ("BWL") filed its Opposition. On March 23, 2020, Plaintiffs filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for April 6, 2020 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.      Factual and Procedural Background**

     This case arises from a bus crash that took place on Interstate 10 in Palm Springs, California on October 23, 2016. Interstate 10 was closed in both directions via a traffic break

pursuant to a permit issued by Caltrans to Southern California Edison ("SCE") to allow SCE to perform work on an overhead line. During the freeway closure, Bruce Guilford ("Guilford"), the driver of the tractor-trailer involved in this collision, fell asleep in his parked tractor-trailer. Because he was asleep, when the freeway reopened at approximately 5:15 a.m., Guilford's parked tractor-trailer remained stopped on Interstate 10. Within approximately two minutes of the freeway reopening, a bus carrying forty-two passengers violently collided into the rear of Guilford's stopped tractor-trailer. As a result of the crash, twelve passengers and the driver died and numerous other passengers sustained significant injuries.

Following the crash, a number of the injured parties and the heirs of those who died filed civil actions seeking money damages in Los Angeles Superior Court and Riverside Superior Court. Eventually, thirty-two of those cases[1] were consolidated in Riverside Superior Court under Consolidated Lead Case No. PSC-1606385, *Campos v. Estate of Teodulo Elias Vides* (the "Consolidated Action"). On April 2, 2019, Plaintiffs' Master Complaint was filed, alleging causes of action for: (1) negligence; (2) negligence; (3) strict products liability; (4) strict products liability; (5) breach of the implied warranty of merchantability; (6) negligence/statutory liability; (7) loss of consortium; (8) negligent hiring, retention, and supervision; (9) wrongful death; and (10) survival action pursuant to California Code of Civil Procedure § 377.20. On December 10, 2019, Plaintiffs filed an Amendment to the Complaint that named BWL as Doe 6 to the Master Complaint.

On February 27, 2020, BWL filed a Notice of Removal, alleging that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337. BWL alleges that it is a federally licensed freight broker which arranges for the transportation of goods through intrastate and interstate commerce. BWL also alleges that this Court has subject matter jurisdiction over this action because Plaintiffs' state law tort claims alleged against BWL[2] relate to the freight brokerage services it provides and, thus, those claims are preempted by the Interstate Commerce Commission Termination Act ("ICCTA"), 49 U.S.C. § 14501.

## II.  Legal Standard

A motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995). The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999). Consequently, if a plaintiff challenges the

---

[1] Specifically, the cases that were consolidated were Case Nos. PSC-1606385, PSC-1702755, PSC-1703457, PSC-1705911, PSC-1801990, PSC-1801449, BC-638575, BC-640398, BC-640573, BC-643949, BC-660530, BC-661586, BC-676796, RIC-1714082, RIC-1714086, BC-640573, PSC-1800695, PSC-1803189, PSC-1800851, PSC-1800351, PSC-1804650, PSC-1804652, PSC-1806278, BC-662981, PSC-1802574, PSC-1806154, RIC-1821524, PSC-1806500, BC-662981, BC-724371, PSC-1804345, and 18-STCV-01335.

[2] The claims against BWL are alleged in the first cause of action for negligence, the seventh cause of action of loss of consortium, the eight cause of action for negligent hiring, retention, and supervision, the ninth cause of action for wrongful death, and the tenth cause of action for survival action pursuant to California Code of Civil Procedure § 377.20.

defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."*).*

In addition, the existence of a federal defense, including preemption, is not enough to justify removal to federal court. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). ("[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint"). Removal based on a defense of preemption is only allowed when there is "complete preemption." *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 861 (9th Cir. 2003). Complete preemption "arises only in 'extraordinary' situations." *Id.* at 862. "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar*, 482 U.S. at 393.

### III. Discussion

In their Motion, Plaintiffs argue that this action should be remanded because this Court lacks subject matter jurisdiction. In its Opposition, BWL argues that Plaintiffs' claims are preempted by the ICCTA.

#### A. Preemption Under the ICCTA

Section 14501(b)(1) of the ICCTA provides that:

[N]o State or political subdivision thereof and no intrastate agency or other political agency of 2 or more States shall enact or enforce any law, rule, regulation, standard, or other provision having the force and effect of law relating to intrastate rates, intrastate routes, or intrastate services of any freight forwarder or broker.

In addition, Section 14501(c)(1)of the ICCTA provides that:

Except as provided in paragraphs (2) and (3), a State, political subdivision of a State, or political authority of 2 or more States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier . . . or any motor private carrier, broker, or freight forwarder with respect to the transportation of property.

However, Section 14501(c)(2)(A) provides that the ICCTA does not preempt or restrict the ability of states to govern safety issues. Specifically, Section 14501(c)(2)(A) provides that Section 14501(c)(1) "shall not restrict the safety regulatory authority of a State with respect to motor vehicles."[3]

---

[3] The ICCTA contains the same preemption provisions as the Federal Aviation Administration Authorization Act ("FAAAA"). Therefore, cases discussing the FAAAA preemption

## B. Plaintiffs' Claims Are Not Preempted by the ICCTA.

In its Notice of Removal, BWL alleges that the tort claims alleged against it in Plaintiffs' Master Complaint are an attempt to regulate the services of a freight carrier and are preempted by the ICCTA. However, "[w]here a plaintiff invokes traditional elements of tort law and the issue of preemption arises, 'the courts almost uniformly have resolved against federal preemption.'" *Jimenez–Ruiz v. Spirit Airlines, Inc.*, 794 F.Supp. 2d 344, 348 (D.P.R. 2011) (*quoting Dudley v. Bus. Exp., Inc.*, 882 F.Supp. 199, 206 (D.N.H. 1994)); *see, e.g., Owens v. Anthony*, 2011 WL 6056409, at *1 (M.D. Tenn. Dec. 6, 2011) (holding that personal injury negligence claims are not preempted by the FAAAA); *Gill v. JetBlue Airways Corp.*, 836 F.Supp. 2d 33, 42 (D.Mass. 2011) (holding that state law negligence claim was not preempted by ADA). As the Supreme Court has stated, it "is difficult to believe that Congress would, without comment, remove all means of judicial recourse for those injured by illegal conduct." *Silkwood v. Kerr–McGee Corp.*, 464 U.S. 238, 251 (1984).

In addition, in interpreting the ADA, the Ninth Circuit has held that the word "service" is defined relatively narrowly and "refers to such things as the frequency and scheduling of transportation, and to the selection of markets to or from which transportation is provided." *See Charas v. Trans World Airlines, Inc.*, 160 F.3d 1259, 1266 (9th Cir.1998), *opinion amended on denial of reh'g*, 169 F.3d 594 (9th Cir.1999). The Ninth Circuit concluded that a broad interpretation of "service" would "ignore the context of its use" and effectively "result in the preemption of virtually everything" a transporter does. *Id.* (Interpreting the ADA and concluding that its regulations were "intended to insulate the industry from possible state economic regulation," not to "immunize the airlines from liability for personal injuries caused by their tortious conduct").

Furthermore, although the Ninth Circuit has not expressly addressed whether the ICCTA preempts state law tort claims, several courts in this district have concluded that the ICCTA does not preempt state law tort claims. For example, the court in *Works v. Landstar Ranger, Inc.*, 2011 WL 9206170, *1 (C.D. Cal. Apr. 13, 2011), held that "[a] regulation is 'related to' prices, routes, or services when it affects those prices, routes, or services in a manner that is more than 'tenuous,

---

provision also apply to the ICCTA. *See Factory Mutual Insurance Company v. One Source Logistics, LLC*, 2017 WL 2608867, at *6 (C.D. Cal. May 5, 2017); *Rowe v. New Hampshire Motor Transp. Ass'n*, 552 U.S. 364, 370 (2008) ("[W]hen judicial interpretations have settled the meaning of an existing statutory provision, repetition of the same language in a new statute indicates, as a general matter, the intent to incorporate its judicial interpretations as well") (*quoting Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 85 (2006)). In addition, both the ICCTA and the FAAAA adopted the same preemption provision found in the Airline Deregulation Act of 1978 ("ADA") and, thus, cases interpreting the preemption provision of the ADA also apply to the ICCTA. *Id.* at *5 (holding that "[t]he language in ICCTA was taken directly from the Airline Deregulation Act of 1978 ("ADA"), 49 U.S.C. §1371, *et seq.*"); *Works v. Landstar Ranger, Inc.*, 2011 WL 9206170 at *1 (C .D. Cal. Apr. 13, 2011) ("Section 14501(c)(1) is nearly identical to 49 U.S.C. § 41713 [formerly § 1305], part of the Airline Deregulation Act ('ADA'). Therefore, interpretations of this part of the ADA are applicable to § 14501(c) (1)") (*citing Rowe*, 552 U.S. at 368-70).

remote, or peripheral.'" In light of this narrow interpretation of "service," the court in *Works* concluded that the negligence and fraud claims stemming from the defendant's role in brokering transportation of goods that ended up damaged were "not sufficiently related to [the defendant's] 'service' to be preempted by § 14501(c)(1)." *Id.* at *2. The court in *Works* held that:

> Neither the delivery of damaged goods, nor an attempt to cover up that damage, has more than a tenuous, remote, or peripheral effect on [the defendant's] "prices, schedules, origins and destinations of the point-to-point transportation of passengers, cargo, or mail." Plaintiff's negligence and fraud claims merely seek to enforce a normal duty of care and a duty not to defraud one's customers. This has nothing to do with the service offerings – *i.e.*, its schedules, origins, or destinations – by [the defendant] or the carriers with which it contracts.

*Id.* In addition, several other courts in this district have concluded that personal injury claims brought under state tort law are not preempted by Section 14501. *See, e.g., Montes de Oca v. El Paso–Los Angeles Limousine Exp., Inc.*, 2015 WL 1250139, at *2 (C.D. Cal. Mar. 17, 2015) ("Plaintiff's claims for negligence, peculiar risk, and non-delegable duty are not sufficiently related to Defendants' 'service' to be preempted by § 14501(c)(1)"); *see also Factory Mutual Insurance*, 2017 WL 2608867 ("Congress did not intend to preempt generally applicable state transportation, safety, welfare, or business rules that do not otherwise regulate prices, routes, or services"); *Ramos ex rel. Campbell v. Aguirre*, 2014 WL 7149471 (C.D. Cal. Dec. 12, 2014) (granting motion to remand and holding that "Plaintiff's claims for negligence, peculiar risk, and non-delegable duty are not sufficiently related to Defendants' 'service' to be preempted by § 14501(c)(1)"); *Hernandex v. El Paso-Los Angeles Limousine Exp., Inc.*, 2014 WL 7149501 (C.D Cal. 2014) (granting motion to remand and citing "the near-universal refusal of the courts to find personal injury actions preempted"). Moreover, several courts in other districts have concluded that Section 14501 does not preempt tort claims alleged against freight brokers. *See, e.g., Nyswaner v. C.H. Robinson Worldwide Inc.*, 353 F.Supp. 3d 892 (D. Ariz. 2019) (holding that Congress did not intend to immunize brokers and carriers from liability for tortious conduct); *Mann v. C.H. Robinson*, 2017 WL 3191516 (W.D. Ca. July 27, 2017) (holding that "even if the state's negligent hiring claim had a sufficient impact on the price, route, or service of a broker to satisfy Paragraph (1) [of the FAAAA], it would not be preempted because it would fall within the general 'safety regulatory' exception of paragraph (2)(A) of the preemption provision"); *Owens v. Anthony*, 2011 WL 6056409 (M.D. Tenn. Dec. 6, 2011) ("The Court agrees with the numerous other courts which have found that personal injury negligence claims are not preempted by the FAAAA").

Accordingly, the Court agrees with the vast majority of courts that have refused to find tort claims, such as those alleged by Plaintiffs against BWL, preempted by the ICCTA. Because Plaintiffs' tort claims are not preempted, this Court lacks subject matter jurisdiction over this action.[4]

---

[4] In its Opposition, BWL argues that this Court also has subject matter jurisdiction because it is a freight broker. BWL argues that freight brokers are transportation intermediaries created by Congress and, thus, any state law claims against them are attempts to restrain commerce. BWL also argues that Plaintiffs' right to relief necessarily depends on resolution of a substantial question of federal law. However, BWL does not cite to any case law to support its arguments, which are simply attempts to recast its preemption argument. *See, e.g., Montes de Oca*, 2015 WL 1250139

## IV. Conclusion

For all the foregoing reasons, Plaintiffs' Motion is **GRANTED**. This action is **REMANDED** to the Riverside Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

---

("Defendant has . . . [argued] that brokers are somehow different, and that Congress must necessarily have intended for them to be insulated in a way that the courts have determined that all other motor carriers specified in the act are not – that is, insulated for tort liability. It is in this argument that Defendant has missed the forest for the trees. As many courts have noted, 49 U.S.C. 14501(c)(1) is an attempt to prevent the states from regulating carrier rates, routes, or services – in short, to prevent states from interfering with federal economic deregulation related to carriers . . . Unsurprisingly, Defendant can cite no legal authority for its proposition. As has been discussed in previous opinions against Defendant, the courts have consistently held that a state's police power for ensuring safety is not preempted by the Act, and traditional tort actions are still within a state's jurisdiction").

Initials of Deputy Clerk  _sr_